(87 Misc. Rep. 318)

### PORTER v. CHIEFFO et al.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. TROVER AND CONVERSION (§ 40*)—EVIDENCE—SUFFICIENCY—OWNERSHIP OF PROPERTY.

In an action for the conversion of two motion picture machines, which plaintiff had loaned to the lessee of a playhouse, and which the owner of the house claimed had been given to him by the lessee to satisfy a judgment, evidence *held* sufficient to sustain a judgment for the plaintiff.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 232–244; Dec. Dig. § 40.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—PROCEDURE—STATUTORY PROVISIONS.

Under Municipal Court Act,† § 254, limiting the time within which either party might move to amend a judgment to five days, and requiring such motion to be made upon two days' notice, a judgment of that court cannot be amended, where the plaintiff obtained, four days after the judgment, an order to show cause on the following day why it should not be amended; the provision of Code Civ. Proc. § 780, that the time for a notice of a motion may be limited by obtaining an order to show cause, being limited by section 3347, subd. 6, to courts of record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Benjamin F. Porter against Michael Chieffo and another. From a judgment for plaintiff, and also from an order amending such judgment, defendant Chieffo appeals. Judgment affirmed, as originally entered, and order amending judgment reversed.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Kramer & Bourke, of New York City (J. J. Kramer and J. P. Bourke, both of New York City, of counsel), for appellant.

Louis J. Rosett, of New York City, for respondent.

COHALAN, J. This action was brought for the alleged conversion of two motion picture projecting machines, to which the plaintiff claimed ownership. Defendant Korn was served in the action, but defaulted on the trial. It appears that the defendant Chieffo is the owner in this city of a playhouse, called the Nemo Theater, and that at one time the defendant Korn was the lessee thereof. On March 14, 1914, Korn obtained from the plaintiff the loan of a picture machine, known as the Simplex. At the time the plaintiff delivered this machine to Korn at the Nemo Theater, he saw there another picture machine called the Powers. This last machine the plaintiff had also loaned to Korn when he was engaged in running a moving picture house in East Sixty-

---

Seventh street. The defendant Chieffo subsequently resumed possession of the Nemo Theater, and plaintiff thereupon demanded the return of the two machines. Chieffo refused to return them, asserting that he held a judgment against Korn, and that the latter had informed him that the machines belonged to him (Chieffo) and to keep them in payment of his judgment. Korn was not produced on the trial by either party to the action, and as to the ownership the testimony of the plaintiff is not directly disputed.

[1] The appellant urges that the plaintiff is estopped from a claim of ownership as against the defendant Chieffo; but there is no merit to this contention. The defendant Chieffo produced a writing, in substance, guaranteeing one of the machines in suit for one year "from date of sale"; and he claims that the possession of this paper shows a sale to Korn. This guaranty, however, was shown to have been given by the maker of the machine to the plaintiff, and was one usually tendered by the manufacturer to the purchaser. The defendant Chieffo made no effort to prove how he had obtained the machines, except that he had received them from Korn; and as Korn had no title, and could give none, there appears to be no reason why the judgment, as originally entered, should not be affirmed.

[2] The judgment was rendered on June 12, 1914, and as the time in which either party might move to amend it, under section 254 of the Municipal Court Act, was limited to five days, the time had expired on June 17, 1914. The section referred to declares that such a motion must be made upon two days' notice. Although the summons had indorsed thereon the words "Defendant liable to arrest and imprisonment," the justice who tried the case failed to indorse those words upon the record, and upon June 16, 1914, the plaintiff obtained an order to show cause, returnable on June 17th, why the judgment should not be amended in respect of this omission. Upon the hearing of this motion the defendant Chieffo opposed the granting thereof upon the ground that the plaintiff had not complied with section 254, supra, and that, therefore, the justice had no jurisdiction to make the amendment. His objection was overruled, and the amendment was allowed. In this the court committed error. An application for an order to show cause is a motion. Section 768, Code of Civil Procedure. By the provisions of section 780 of the Code of Civil Procedure, a notice of motion must be served at least eight days before the return day, but that time may be limited by obtaining an order to show cause. That section only applies, however, to courts of record. Section 3347, subd. 6, C. C. P. The Municipal Court is one of limited jurisdiction, and the statute must be strictly followed. This requires at least two days' notice to amend a judgment, and hence the order in this case must be reversed.

Order reversed, with costs to the appellant. Judgment; as originally entered, affirmed, with costs to the respondent. Costs of one party to be offset against those of the other party. All concur.